IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                                 Criminal No. 3:16cr123

JASON A. TALLEY,
        Petitioner.

**MEMORANDUM OPINION**

Jason A. Talley, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 27). He has also submitted a Motion for Relief [Seeking] Correction of Pre-Sentence Investigation Report ("Motion to Correct," ECF No. 28). The government asserts that the § 2255 Motion is untimely and that Talley's claims otherwise lack merit. (ECF No. 37.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Talley did not reply.

The § 2255 Motion, (ECF No. 27), will be DENIED as untimely. The Motion to Correct, (ECF No. 28), lacks merit and will be DENIED. This action will be DISMISSED.

**I. PROCEDURAL HISTORY**

On December 1, 2016, Talley pleaded guilty to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841. (ECF No. 12; ECF No. 13, at 1.)[1] On March 13, 2017, the Court sentenced Talley to 72 months of incarceration. (ECF No. 23, at 2.) Talley did not file an appeal.

On March 27, 2019, Talley filed the § 2255 Motion that is presently before the Court.[2] In

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from the parties' submissions.

[2] The Court docketed Talley's motion on April 1, 2022. Talley indicates that he placed his § 2255 Motion in the prison mailing system on March 27, 2022. (ECF No. 27, at 11.) The Court

his § 2255 Motion, Talley raises a single claim of ineffective assistance of counsel, alleging that his attorney erred by "fail[ing] to object to a firearm's enhancement in the Presentence Report, thus precluding Talley from relief under 18 U.S.C. § 3621(e)." (ECF No. 27, at 3.) Talley requests that the Court order "the firearm enhancement be removed." (*Id.* at 11.)

## II. <u>STATUTE OF LIMITATIONS ANALYSIS</u>

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Talley did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, March 27, 2017. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01cr16, 4:04cv122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); *see also* Fed. R. App. P. 4(b)(1)(A) (requiring defendant

---

thus deems his § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming prisoner's notice of appeal "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

2

to file an appeal within fourteen days of the entry of judgment). Hence, Talley had until Tuesday, March 27, 2018, to file any motion under 28 U.S.C. § 2255. Because Talley did not file his § 2255 Motion until March 27, 2019, one full year after that date that it was due, his § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1).

Unless Talley demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or an equitable tolling of the limitation period, the action is barred by the statute of limitations. Talley does not suggest, and the record does not demonstrate, that Talley is entitled to a belated commencement. Talley does, however, suggest that the Court "authorized" him to submit the § 2255 Motion. (ECF No. 27, at 9.) The Court construes Talley to argue that he is entitled to an equitable tolling of the limitation period.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 930 (emphasis added).

Talley does not directly address the fact that he filed his § 2255 Motion a full year after the time for doing so had expired. Rather, he claims in a conclusory fashion that by Memorandum Order entered on January 3, 2019, the Court "authorized him to apply for relief" and "directed [him] to file this Motion." (ECF No. 27, at 9.) Talley clearly misunderstands the meaning of the

3

Court's January 3, 2019 Memorandum Order.

On December 12, 2018, approximately eight months after Talley's time for filing a § 2255 motion had expired, Talley filed a document styled "Motion for Relief from a Judgment by Correcting Pre-Sentence Investigation Report Per F[ederal] R[ule] [of] C[ivil] P[rocedure] 60(b)(6) or Per 28 U.S.C. § 2255." (ECF No. 25.) By Memorandum Order entered on January 3, 2019, the Court denied Talley's motion without prejudice. (ECF No. 26.) The Court explained that Civil Rule 60(b)(6) was an inappropriate means of challenging his sentence because it applied only to civil cases, not criminal judgments. (*Id.* at 1.) The Court went on to explain that:

> A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)); *see Melton v. United States*, 359 F.3d 8555, 857 (7th Cir. 2004). If Talley wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255 he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). The Court will process a request for relieve under 28 U.S.C. § 2255 upon receipt from Talley of the properly completed forms seeking such relief.

(*Id.* at 2.) Nowhere in the January 3, 2019 Memorandum Order did the Court discuss the statute of limitations, much less "authorize" Talley to submit an untimely § 2255, and the Court certainly did not "direct" Talley to file the present motion. The Court merely explained to Talley the process for invoking the Court's jurisdiction under 28 U.S.C. § 2255, if he so desired.

To the extent that Talley's position could be construed as an argument that he was confused or misunderstood the statute of limitations, it nevertheless fails to excuse the untimeliness of his motion. It is well established that "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted).

4

"Simply put, [Talley] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, Talley fails to demonstrate entitlement to equitable tolling. Accordingly, the statute of limitations bars his § 2255 Motion, (ECF No. 27), and it must be DENIED.

### III. MOTION TO CORRECT

Federal Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, clerical errors are narrowly defined. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *see United States v. Brown*, 343 F. App'x 934, 935–36 (4th Cir. 2009).

The United States Court of Appeals for the Fourth Circuit has held that "Rule 36 may serve as an appropriate vehicle to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error." *United States v. Vanderhorst*, 927 F.3d 824, 827 (4th Cir. 2019). But this ruling applies only to factual "data entry error[s]" in the record. *Id.* It does not, extend to "substantive argument[s]" regarding allegedly improper legal conclusions. *Id.*

Talley does not allege any errors in the entry of data or scrivener's errors. Rather, he repeats the same ineffective assistance of counsel claim he raised in his § 2255 Motion and asks the Court to remove his firearm enhancement so that might qualify for certain programs while

5

incarcerated. (ECF No. 28, at 3–6.) Talley's substantive legal argument is not cognizable under Rule 36. Accordingly, the Motion to Correct, (ECF No. 28), will be DENIED

## IV. CONCLUSION

The § 2255 Motion, (ECF No. 27), and the Motion to Correct, (ECF No. 28), will be DENIED. A certificate of appealability will be DENIED.[3] The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 22 August 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983)). Talley has not satisfied this standard. Thus, a certificate of appealability will be DENIED.